Dear Representative Badon:
You ask this office if the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., prohibit an elected constable from at the same time holding a position of part-time employment with the Louisiana House of Representatives in the position of aide to a state representative.
A constable is elected by the qualified electors within the territorial limits of the justice of the peace ward of the court.[1] A politicalsubdivision for purposes of the dual officeholding provisions includes a justice of the peace court.[2] Thus, for purposes of a dual officeholding analysis, a constable holds elective office in thepolitical subdivision of the justice of the peace ward or district court
from which he is elected.[3] *Page 2 
A position of employment with the Louisiana House of Representatives as an aide to a state representative constitutes employment in thelegislative branch of state government as defined by La.R.S. 42:62(7), providing:
(7) The legislative branch of state government includes the members of the Senate and the House of Representatives, the officers, and agents, and employees of the legislature of either house or of a committee of either house thereof, the legislative auditor, legislative fiscal officer, or any other agency created by law which is primarily legislative in nature, and any other legislative officer, office, or instrumentality of the state.
Within the dual officeholding and dual employment provisions, La.R.S.42:63 sets forth those offices and employments which may not be held together. Of relevance here is that part of La.R.S. 42:63(D) which states that "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . employment in the government of this state."
It is the opinion of this office that La.R.S. 42:63(D) prohibits a constable, holding elective office in a political subdivision of this state, from at the same time holding any position of employment with the Louisiana House of Representatives, whether part-time or full-time. For this reason, it is the opinion of this office that an elected constable may not at the same time hold part-time employment with the Louisiana House of Representative as an aide to a state representative.
We hope the foregoing is helpful to you. Should you have other questions with which we can provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 13:2583(B) provides "a constable shall be elected at the congressional election for terms of six years by the qualified electors within the territorial limits of the justice of the peace ward of the court for which he is elected. He shall take office on the first day of January following the election."
[2] La.R.S. 42:62(9) defines political subdivision as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts,justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions."
[3] La.R.S. 42:62(1) defines elective office to mean "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof."